August 27, 2025

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Texas Service Center
6046 N Belt Line Rd STE 172
Irving, TX 75038-0015



**U.S. Citizenship and Immigration Services**



SRC2090089566



A213-623-777

WENDING MAI
720 TANAGER DR
STATE COLLEGE, PA 16803-2502

RE: WENDING MAI
I-140, Immigrant Petition for Alien Worker

## DECISION

Your Form I-140, Immigrant Petition for Alien Worker, has been denied for the following reason(s):

See Attachment

If you disagree with this decision, you may appeal to the Administrative Appeals Office (AAO) by filing a Notice of Appeal or Motion (Form I-290B) within 30 calendar days from the date of this letter, 33 calendar days if this letter is mailed. Alternatively, you may use Form I-290B to submit a motion to reopen or reconsider. For the latest information on filing location, fee, and other requirements, please review the Form I-290B instructions at http://www.uscis.gov/forms, call our USCIS Contact Center at 1-800-375-5283, or visit your local USCIS office. If USCIS does not receive a properly filed appeal or motion, this decision will become final.

This decision does not prevent you from filing any petition or application in the future.

Sincerely,

John M. Allen
SCOPS Deputy Associate Director of Adjudications
Officer: XM1155

ATTACHMENT

Reference is made to Immigrant Petition for Alien Worker (Form I-140) filed by WENDING MAI (the petitioner and beneficiary) on December 10, 2019. The petitioner seeks to classify himself as a member of the professions holding an advanced degree or exceptional ability and an exemption from the requirement of a job offer, and thus of a labor certification, in the national interest of the United States (U.S.). The petitioner intends to work as a Postdoctoral Scholar. A request for evidence (RFE) was issued on June 20, 2025 and a response was received on July 28, 2025. After a review of the petition and all of the supporting evidence, it is the decision of U.S. Citizenship and Immigration Services (USCIS) to deny Form I-140.

In order to establish eligibility, the petitioner must establish that:

- He qualifies for the requested classification; and
- An exemption from the requirement of a job offer, and thus of a labor certification, is in the national interest of the U.S.

### *Eligibility for the Requested Classification*

The first issue in this case is whether the petitioner qualifies for the requested classification of a professional with an advanced degree. The petitioner must establish that he holds an advanced degree as of the priority date.

The petitioner claims he qualifies for the requested classification based on the Master of Physics degree from the University of Electronic Science and Technology of China in June 2010, which is the foreign equivalent to a U.S. Master's degree. Therefore, based on the evidence in the record the petitioner qualifies for the requested classification of a professional with an advanced degree.

Therefore, at this time, USCIS does not need to evaluate whether the petitioner also qualifies as an alien of exceptional ability. The remaining issue is whether the petitioner established that a waiver of the job offer requirement, and a labor certification, is in the national interest.

### *National Interest Waiver*

USCIS has designated *Matter of Dhanasar*, 26 I&N Dec. 884 (AAO 2016) ("Dhanasar") as a precedent decision. That decision rescinded the earlier precedent decision, *Matter of New York State Dep't of Transp.* ("NYSDOT"), 22 I&N Dec. 215 (Acting Assoc. Comm'r 1998), regarding national interest waivers under Section 203(b)(2)(B)(i) of the Immigration and Nationality Act, and introduced a new three-prong test for determining eligibility. Under *Dhanasar*, USCIS may grant a national interest waiver as a matter of discretion if the petitioner demonstrates by a preponderance of the evidence that:

- The petitioner's proposed endeavor has both substantial merit and national importance;
- The petitioner is well positioned to advance the proposed endeavor; and
- On balance, it would be beneficial to the U.S. to waive the requirements of a job offer and thus of a labor certification.

If these three elements are satisfied, USCIS may approve the national interest waiver as a matter of discretion.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.



The evidence does not establish that all three (3) of the above-listed elements have been met.

After the petitioner has established his eligibility for second preference classification under section 203(b)(2)(A) of the INA, USCIS may grant a national interest waiver if the petitioner demonstrates by a preponderance of the evidence that: (1) the foreign national's proposed endeavor has both substantial merit and national importance; (2) the foreign national is well positioned to advance the proposed endeavor; and (3), on balance, it would be beneficial to the U.S. to waive the requirements of a job offer and thus of a labor certification. *Matter of Dhanasar*, 26 I&N Dec. 884 (AAO 2016). If these three elements are satisfied, USCIS may approve the national interest waiver as a matter of discretion.

The first prong, substantial merit and national importance, focuses on the specific endeavor that the foreign national proposes to undertake. The endeavor's merit may be demonstrated in a range of areas such as business, entrepreneurialism, science, technology, culture, health, or education. To establish that an endeavor has substantial merit, the petitioner should provide a detailed description of the endeavor and why it is meritorious. In determining whether the proposed endeavor has national importance, USCIS considers its potential prospective impact.

The second prong shifts the focus from the proposed endeavor to the foreign national. To determine whether he or she is well positioned to advance the proposed endeavor, USCIS considers factors including, but not limited to: the individual's education, skills, knowledge and record of success in related or similar efforts; a model or plan for future activities; any progress towards achieving the proposed endeavor; and the interest of potential customers, users, investors, or other relevant entities or individuals.

The third prong requires the petitioner to demonstrate that, on balance, it would be beneficial to the U.S. to waive the requirements of a job offer and thus of a labor certification. In performing this analysis, USCIS may evaluate factors such as: whether, in light of the nature of the foreign national's qualifications or the proposed endeavor, it would be impractical either for the foreign national to secure a job offer or for the petitioner to obtain a labor certification; whether, even assuming that other qualified U.S. workers are available, the U.S. would still benefit from the foreign national's contributions; and whether the national interest in the foreign national's contributions is sufficiently urgent to warrant forgoing the labor certification process. In each case, the factors considered must, taken together, indicate that on balance, it would be beneficial to the U.S. to waive the requirements of a job offer and thus of a labor certification.

Therefore, the petitioner is not eligible for, and does not merit, a national interest waiver as a matter of discretion.

*1st Prong - Substantial Merit and National Importance*

The first prong, substantial merit and national importance, focuses on the specific endeavor that the foreign national proposes to undertake. *Matter of Dhanasar*, 26 I&N Dec. 884, 889 (AAO 2016). The endeavor's merit may be demonstrated in a range of areas such as business, entrepreneurialism, science, technology, culture, health, or education.

The petitioner submitted a letter dated August 14, 2019 authored by Rebecca Fold, Manager, Talent Acquisition at Penn State University for a fixed-term, non-tenure track position from September 1, 2019 through August 31, 2020 as a Postdoctoral Scholar. Evidence in the record does not establish

that this is currently a bona-fide job offer and even though an employment offer is not required for this classification, the petitioner did not submit a proposed endeavor statement.

In response to the RFE, the petitioner submitted a letter dated July 22, 2025 and it states, in pertinent part:

> *Since my original petitioner, I have transitioned from a postdoctoral position at Pennsylvania State University to a Senior R&D Engineer at Ansys, Inc., which was recently acquired by Synopsys, Inc. on July 17, 2025. My core endeavor remains unchanged: developing advanced computational electromagnetics (CEM) algorithms, particularly Discontinuous Galerkin Time Domain (DGTD) method, to address emerging challenges in U.S. technology sectors. I have included a detailed endeavor statement, supporting evidence of merit and national importance, my updated CV, citations records, industry and academic letters and proof of continued impact and leadership.*

USCIS finds the updated proposed endeavor to meet the prong of substantial merit.

In determining national importance, the relevant question is not the importance of the field, industry, or profession in which the individual will work; instead USCIS must focus on "the specific endeavor that the foreign national proposes to undertake." *See Dhanasar*, 26 I&N Dec. at 889. In *Dhanasar*, the AAO noted that they "look for broader implications" of the proposed endeavor and that "[a]n undertaking may have national importance for example, because it has national or even global implications within a particular field." *Id.* AAO also stated that "[a]n endeavor that has significant potential to employ U.S. workers or has other substantial positive economic effects, particularly in an economically depressed area, for instance, may well be understood to have national importance."

To evaluate whether the petitioner's proposed endeavor satisfies the national importance requirement USCIS must look to evidence documenting the "potential prospective impact'" of the petitioner's proposed endeavor work.

The petitioner submitted a letter from the petitioner and several letters of recommendation. The petitioner letter dated December 3, 2019 states, in pertinent part:

> *My research and development work would also improve the qualify of American workers, typically electronic designers, from manual and monotonous prototype fabrication and test, by applying computer-based simulations. Therefore, it can help to create better working environment for U.S. workers, bring higher profit to organizations, and therefore yield higher wages for U.S. workers.*

The letter dated November 22, 2019 authored by Dr. Ulrich Jakobus, Senior Vice President of Electromagnetic Solutions at Altair states, in pertinent part:

> *In the world of CEM, an efficient way to address electrically large and complex planar structures was not available for a long time until Dr. Mai proposed a prism-based discontinuous Galerkin time domain (DGTD) method. In his novel extension, Dr. Mai ingeniously expressed that the planar geometries could be meshed into prisms, which will save a great number of unknowns. Moreover, he proposed a 2D/3D hybrid method to efficiently analyze high-speed circuits with anti-pads and vias. This is a challenging problem since the size*

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.



> *of vias are very small compared with the whole electronic system, which makes it a multidimensional problem. This is a major contribution of Dr. Mai to the area of industrial design because there was no previous work in transient domain on how to integrate 3D algorithm and 2D simplification together with both high accuracy and efficiency. This important accomplishment by Dr. Mai is very significant and exciting.*

In response to the RFE, the petitioner submitted an updated proposed endeavor statement, updated citations and authorship, as well as several letters of recommendation. The letter dated July 2, 2025 authored by J. Eric Bracken, PhD, Chief Technologist and Analyst Fellow at Ansys, Inc. states, in pertinent part:

> *Dr. Mai's work at Ansys directly addresses challenges of national importance in computations electromagnetics-an area crucial for sustaining and expanding U.S. leadership in defense, communications, aerospace, and high-tech manufacturing. As a Senior Research and Development Engineer working on Ansys HFSS, the widely recognized gold standard software for electromagnetic simulation, Dr. Mai has led the development of advanced hp-adaptive meshing techniques and other cutting-edge algorithms. These innovations have already strengthened our product capabilities, and I am confident that Dr. Mai's ongoing and future efforts will play an important role in shaping the next generation of electromagnetic simulation tools. This work will enable U.S. engineers and companies to bring safer, more efficient, and more advanced products to market in the years ahead.*

This evidence fails to demonstrate the potential prospective impact of the petitioner's projects beyond his experience while attending school and working for Penn State University, and now Ansys, Inc. For example, the letters of recommendation do not demonstrate how the petitioner's projects have national or global implications in the field or that his projects have the potential to employ U.S. workers or has other substantial positive economic effects or will broadly enhance societal welfare or cultural or artistic enrichment or impacts a matter that a government entity has described as having national importance or is the subject of national initiatives.

The evidence submitted does not support the petitioner's statements that his proposed endeavor will have potential prospective impact, such as evidence that the endeavor:

- Will have broader implications, or national or global implications within a particular field;
- Has significant potential to employ U.S. workers;
- Will have substantial positive economic effects, particularly in an economically depressed area;
- Will broadly enhance societal welfare; or
- Will broadly enhance cultural or artistic enrichment.

As such, the provided evidence fails to establish the petitioner's proposed endeavor has national importance.

*2nd Prong - Well Positioned to Advance the Proposed Endeavor*

The second prong shifts the focus from the proposed endeavor to the foreign national. *See Dhanasar*, 26 I&N Dec. at 880.

The petitioner provided the following evidence:

- Education, skills and knowledge;
- Claimed record of success; and
- Letters of recommendation.

Not every individual who possesses the necessary educational and professional credentials and who worked in the field will be found to be well positioned to advance the proposed endeavor. USCIS looks to a variety of factors in determining whether an individual is well positioned to advance the proposed endeavor.

The petitioner initially submitted evidence of letters of recommendation and experience in the field, which he claims significantly succeeded from his work. In response to the RFE, the petitioner submitted several letters of recommendation; membership as a Senior member of IEEE; conference participation; citations and authorship; updated proposed endeavor and education and experience references. The letter dated July 3, 2025 authored by James L. Drewniak, Curator's Professor Emeritus of Electrical and Computer Engineering at Missouri University of Science and Technology states, in pertinent part:

> *Dr. Mai is widely recognized in the scientific community for his originality, technical depth, and dedication to advancing the field of computational electromagnetics. His award-winning publications in leading journals, along with is reputation as a peer reviewer and though leader, attest to the impact he has already made. More importantly, Dr. Mai's ongoing work demonstrates a keen ability to identify and solve problems of both theoretical and practical importance. His work of advanced simulation methods for planar and multi-scale structures has already influence the best practices in electronic design and will undoubtedly continue to shape the evolution of this discipline. His algorithm that accurately models dispersive, chiral and time-varying materials is also promising. With the rapid pace of technological change, the United States needs scientists like Dr. Mai who are not only on the cutting edge today but are poised to drive the next wave of breakthroughs in research and industry.*

Here, the petitioner's educational accomplishments, professional qualifications, and experience are insufficient to demonstrate that he is well positioned to advance the specific proposed endeavor. While the petitioner claims success based on his career in research and electromagnetics, as well as, participation as a reviewer for the U.S. National Science Foundation and a Senior Member of IEEE, this evidence does not show his work somehow served as an impetus for progress in the field or industry, that it has affected the industry or occupation in some way, or that it has generated positive discourse in the community. The evidence does not reflect that sufficient interest from any relevant parties to demonstrate he is well positioned to advance the proposed endeavor.

USCIS may, in its discretion, use as advisory opinions statements from universities, professional organizations, or other sources submitted in evidence as expert testimony. *Matter of Caron Int'l*, 19 I&N Dec. 791, 795 (Comm'r. 1988). However, USCIS is ultimately responsible for making the final determination regarding a noncitizen's eligibility. The submission of letters from experts supporting the petition is not presumptive evidence of eligibility. *Id., see also Matter of D-R-*, 25 I&N Dec. 445, 460 n.13 (BIA 2011) (discussing the varying weight that may be given expert testimony based on relevance, reliability, and the overall probative value). The evidence submitted is lacking probative value since it does not sufficiently detail the basis for finding the petitioner had a "leading role" in projects, or that the projects were "defining" for the field.

Finally, the petitioner's academic accomplishments are insufficient to demonstrate that he is well

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

positioned to advance the proposed endeavor. In *Dhanasar*, the record established that the petitioner held multiple graduate degrees including "two master of science degrees, in mechanical engineering and applied physics, as well as a Ph.D. in engineering."

The evidence submitted does not support the petitioner's statements that, after consideration of the following non-exhaustive list of factors, among others, the petitioner is well positioned to advance the proposed endeavor:

- The individual's education, skills, knowledge, and record of success in related or similar efforts;

- A model or plan for future activities;

- Any progress towards achieving the proposed endeavor; or

- The interest of potential customers, users, investors or other relevant entities or individuals.

As such, the petitioner has failed to establish he is well positioned to advance the proposed endeavor.

*3rd Prong – Beneficial to the U.S. to waive the job offer and labor certification requirements*

Based on the above-discussed documentary evidence, the petitioner has not established that it would be beneficial to the U.S. to waive the requirements of a job offer and thus of a labor certification.

In response to the RFE, the petitioner submitted several letters of recommendation and letters from independent experts. The letter dated July 8, 2025 authored by William Henshaw, Professor in Applied Mathematics at Rensselaer Polytechnic Institute states, in pertinent part:

> *Dr. Mai's expertise is both highly specialized and essential to the continued leadership of the United States in key technological areas. The unique interdisciplinary nature of his work-combining mathematical modeling, advanced computation, and engineering applications-means that the labor certification process would not adequately reflect the national need for his skills. The benefits of Dr. Mai's contributions, including new simulation tools, improved electromagnetic device design, and accelerated innovation cycles, far outweigh any potential advantages of a conventional labor market test. His work directly supports national initiatives in advanced manufacturing, defense modernization and health technologies, and has the potential to create new economic opportunities and enhance the technical workforce through knowledge transfer.*

The petitioner failed to submit evidence that his knowledge or skills are not easily articulated in a labor certification, he has not demonstrated, as claimed, that he presents benefits to the U.S. through his proposed endeavor that outweigh those inherent in the labor certification process. In addition, the petitioner has not shown that he offers contributions of such value that, overall, they would benefit the nation even if other qualified U.S. workers were available.

The evidence submitted does not support the petitioner's statements that, on balance, it would be beneficial to the U.S. to waive the requirements of a job offer, and thus of a labor certification. In balancing the analysis of the national interest in ensuring the admission of noncitizen workers will not adversely affect the job opportunities, wages, and working conditions of U.S. workers through the

labor certification process, on the one hand, and on the other hand, national interest factors that may outweigh it, USCIS considers one or more of the following factors, among others:

- The impracticality of a labor certification;

- The benefit to the U.S. from the petitioner's prospective contributions, even if other U.S. workers are also available; or

- The national interest in the individual's contributions is sufficiently urgent.

- Whether the petitioner's endeavor may lead to potential creation of jobs; or

- Whether the petitioner is self-employed in a manner that generally does not adversely affect U.S. workers.

In sum, the petitioner has not established that, on balance, it would be beneficial to the U.S. to waive the requirements of a job offer and thus of a labor certification.

Pursuant to Section 291 of the INA, whenever any person makes an application for an immigration benefit, they shall bear the burden of proof to establish eligibility. Accordingly, the petitioner must prove by a preponderance of the evidence, in other words, that it is more likely than not, that he is fully qualified for the benefit sought. *See Matter of E-M-*, 20 I&N Dec. 77 (Comm'r. 1989). After a careful review and analysis of all evidence within the record, USCIS finds that the petitioner has not established eligibility for the benefit sought. As a result, USCIS is denying this Form I-140 petition.

NOTE: The Small Business Regulatory Enforcement and Fairness Act established the Office of the National Ombudsman (ONO) at the Small Business Administration. The ONO assists small businesses with issues related to federal regulations. If you are a small business with a comment or complaint about regulatory enforcement, you may contact the ONO at www.sba.gov/ombudsman or phone 202-205-2417 or fax 202-481-5719.