UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Wending Mai, | : | No. 4:25-CV-00890 |
| Plaintiff, | : | |
| v. | : | (SCHWAB, M.J.) |
| | : | |
| United States Citizenship and Immigration Services, *et ano.*, | : | |
| | : | |
| Defendants. | : | Electronically Filed |

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT[1]

By and through their undersigned counsel, Defendants, the United States Citizenship and Immigration Services (USCIS) and its Director, Joseph B. Edlow, respectfully move to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1).

In the Complaint, Plaintiff challenges a denial of his Form I-140 national interest waiver petition. Because such a decision is committed to agency discretion, the Administrative Procedure Act ("APA") does not provide jurisdiction to review the denial. *Mousavi v. United States*

---

[1] Although entitled "First Amended Complaint for Declaratory and Injunctive Relief under the APA," Plaintiff does not discuss, nor request injunctive relief anywhere else in the First Amended Complaint. *See generally* Doc. 19, First Amended Complaint for Declaratory and Injunctive Relief under the APA.

*Citizenship and Immigration Services*, 828 Fed.Appx.130, 134 (3d Cir. 2020) (non-precedential) ("Mousavi asks us to second-guess the Agency's denial of her national interest waiver. Congress has told us we cannot."). Therefore, the Complaint should be dismissed for lack of subject matter jurisdiction.

## I. Procedural History and Factual Background

### A. The Form I-140 Petition

Filing a Form I-140 petition is the first step for noncitizen workers with "advanced degrees" or "exceptional ability[ies]" to establish their eligibility for permanent legal residency in the United States. 8 U.S.C. § 1153(b)(2)(A). While a Form I-140 is typically filed by an employer who has obtained a labor certification from the Department of Labor, a Plaintiff may file a Form I-140 for himself without a job offer from a U.S. employer or a labor certification, if he shows that granting him a visa would be "in the national interest." *Id.* at § 1153(b)(2)(B); *Matter of Dhanasar*, 26 I. & N. Dec. 884, 885 (AAO 2016). Section 1153 provides that "the Attorney General may" waive the job requirement when he "deems it to be in the national interest." *Id.*

## B. Plaintiff's I-140 Petition

In September 2019, the Plaintiff filed a Form I-140, Immigrant Petition for Noncitizen Worker, as a self-Plaintiff seeking classification under the employment-based, second preference ("EB-2") immigrant visa category and a national interest waiver. Doc. 19 at 2, ¶ 9. USCIS denied the petition on August 27, 2025. *Id.*

## C. The Complaints and Initial District Court Proceedings

The Plaintiff initially filed a mandamus complaint on May 20, 2025, in which he requested that the Court compel USCIS to adjudicate his I-140 application through a mandamus cause of action. *See* Doc. 1, Complaint. Following USCIS's adjudication of the underlying petition, *see* Doc. 19 at 2, ¶ 9, the Plaintiff filed the First Amended Complaint. *See id.* Plaintiff now alleges that USCIS's decision on his underlying application was "arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, in violation of 5 U.S.C. § 706(2)(A)." *Id.* at 2, ¶ 15. Plaintiff further alleges that USCIS incorrectly applied the Board of Immigration Appeals' (BIA) decision in *Matter of Dhanasar. Id.* at 2, ¶ 16.

On October 15, 2025, the Defendants filed a motion to dismiss

pursuant to Federal Rule of Civil Procedure 12(b).  Doc. 20, Motion to Dismiss.  Thus, this Brief in Support is timely.  *See* M.D. Pa. L.R. 7.5.

## II.  Questions Presented

A.  **Whether the District Court has jurisdiction to review Plaintiff's APA claim when a decision regarding whether to grant a national interest waiver is specifically within the agency's discretion?**

## III.  Legal Standards

A.  Fed. R. Civ. P. 12(b)(1)

Motions filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction," only possessing the power authorized by the Constitution and statutes.  *Thulen v. American Federation of State County and Municipal Employees New Jersey Council*, 844 Fed.Appx. 515, 518 (3d Cir. 2021) (*quoting Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  As a starting point for this analysis, a district court should assume that it lacks subject matter jurisdiction, and the party asserting the claim bears the burden of establishing that subject matter jurisdiction exists.  *See Kokkonen*, 511 U.S. at 377.

A motion to dismiss for lack of subject matter jurisdiction may be

either facial or factual. See *Constitution Party of Pennsylvania v. Aichele,* 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge to subject matter jurisdiction presumes that the complaint contains insufficient allegations to invoke federal jurisdiction. *Id.* at 358. A factual challenge is "an argument that there is no subject matter jurisdiction because the facts of the case… do not support the asserted jurisdiction." *Id.* Under the latter theory, the district court must not accept the facts in the complaint as true and may consider extrinsic evidence. *Id.* "In sum, a facial attack 'contests the sufficiency of the pleadings,' 'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id.* (quoting *In re Schering Plough Corp. Intron,* 678 F,3d 235, 243 (3d Cir. 2012) and *CAN v. United States,* 535 F.3d 132, 139 (3d Cir. 2008), respectively).

### IV.  <u>Argument</u>

Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction as a decision on a national interest waiver falls squarely within agency discretion. *See Mousavi,* 828 Fed.Appx. at 132-33; *Poursina,* 936 F.3d at 870-72; *Zhu,* 411 F.3d at 295. More specifically, 8

U.S.C. § 1252(a)(2)(B)(ii) strips this Court of authority to review the denial of a discretionary national interest waiver.

## A. Statutory and Regulatory Framework

Congress adopted a multi-step process for noncitizens[2] seeking immigrant visas under 8 U.S.C. § 1153(b)(2)(A) as members of the professions holding advanced degrees or having exceptional ability, colloquially known as "EB-2" immigrant visas ("EB-2" means employment-based, second preference). First, a prospective employer must obtain a "labor certification" from the Department of Labor. *See* 8 U.S.C. § 1182(a)(5)(A) & (D); 8 C.F.R. § 204.5(k)(4). Then, the employer may file a petition with USCIS seeking to classify the prospective employee-immigrant as a qualifying noncitizen. *Id.* The purpose of a labor certification is for the employer to demonstrate that "there are not sufficient [U.S.] workers who are able, willing, qualified … and available" and that employing the noncitizen worker "not adversely affect the wages and working conditions of workers in the United States similarly

---

[2] The Immigration and Nationality Act employs the term "alien," defined as "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). Herein, "noncitizen" means any person as defined in 8 U.S.C. § 1101(a)(3).

employed." 8 U.S.C. § 1182(a)(5)(A)(i). Then, the employer may file a petition with USCIS seeking to classify the prospective employee-immigrant as a qualifying noncitizen. *Id.*

Congress, however, provided USCIS with the discretionary authority to permit a prospective noncitizen worker to immigrate without a job offer and without a labor certification in certain circumstances.[3] 8 U.S.C. § 1153(b)(2)(B)(i); *see also* 8 C.F.R. §§ 2.1; 204.5(k)(4)(ii). USCIS may waive the job offer and labor certification requirement only if USCIS determines as a matter of unreviewable discretion that the waiver is in the "national interest." *See* 8 U.S.C. § 1153(b)(2)(B) (USCIS "may, when [it] deems it to be in the national interest, waive the requirements . . . that [a noncitizen's] services . . . be sought by an employer in the United States."); 8 C.F.R. § 204.5(k)(4)(ii) ("The director *may* exempt the requirement of a job offer, and thus of a labor certification . . . . ") (emphasis added). No regulation sets forth any standards or defines the burden a noncitizen must meet to demonstrate that waiver of the job offer and labor certification requirements in his case would serve the national

---

[3] There are additional exceptions to the requirement for a job offer and labor certification that are not relevant to this case. *See, e.g.,* 8 C.F.R. § 204.5(h)(5) (for petitions for noncitizens of extraordinary ability).

7

interest. *See* 8 C.F.R. § 204.5(k)(4)(ii) (providing only that the director "may exempt the requirement of a job offer, and thus of a labor certification," and [a noncitizen] applying for the exemption must submit the requisite form with evidence in support of the claim "that such exemption would be in the national interest."). However, prior to December 27, 2016, USCIS applied the interpretive guidance articulated by the predecessor Immigration and Naturalization Service's precedential decision in *NYSDOT*, 22 I. & N. Dec. at 217-18.

On December 27, 2016, the Administrative Appeals Office vacated *NYSDOT* and promulgated revised interpretive guidance in *Dhanasar*, 26 I. & N. Dec. 884. Pursuant to the interpretive guidance in *Dhanasar*, a noncitizen seeking a national-interest waiver must show: (1) that the foreign national's proposed endeavor has both substantial merit and national importance; (2) that the foreign national is well positioned to advance the proposed endeavor; and (3) that, on balance, it would be beneficial to the United States to waive the requirements of a job offer and thus of a labor certification. *Dhanasar*, 26 I. & N. Dec. at 889. If these three elements are satisfied, USCIS may approve the national interest waiver as a matter of discretion. *Id*.

B.    **8 U.S.C. § 1252(a)(2)(B)(ii) Strips the Court of Jurisdiction to Review the Denial of a Discretionary National Interest Waiver**

"The key to § 1252(a)(2)(B)(ii) lies in its requirement that the discretion giving rise to the jurisdictional bar must be 'specified' by *statute*," and that whether such a specification has been made is determined "'by examining the statute as a whole.'" *Jilin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 200 (3d Cir. 2006) (quoting *Soltane v. U.S. Dep't of Justice*, 381 F.3d 143, 146 (3d Cir. 2004)) (emphasis in original). By the terms of section 1252(a)(2)(B)(ii), "it therefore becomes necessary always to examine 'the authority for which is specified,' that is to say, the statute setting forth the nature of the administrative discretion granted." *Id.* at 199-200.

Here, in the waiver provision at 8 U.S.C. § 1153(b)(2)(B)(i), Congress "specified" that the issuance of national-interest waivers is "discretionary." Section 1153(b)(2)(B)(i) states that "the Attorney General *may*, when the Attorney General *deems it* to be in the national interest, waive the requirement[ ] . . . that a [noncitizen's] services in the sciences, arts, professions, or business be sought by an employer in the United States." 8 U.S.C. § 1153(b)(2)(B)(i) (emphasis added).

Congress's use of "may"—rather than "must" or "shall"—establishes a presumption of discretion. *See Jama v. Immigration & Customs Enf't*, 543 U.S. 335, 346 (2005). Indeed, subsection (B)(i)'s use of "may" contrasts with subsection (B)(ii), which delineates cases in which the Attorney General "shall grant a national interest waiver," and lacks discretion. 8 U.S.C. § 1153(a)(2)(B)(ii)(I) (emphasis added). Thus, "the language of the statute" provides "the discretionary authority" that bars review. *Soltane*, 381 F.3d at 146 (citing *Spencer Enterprises, Inc. v. United States*, 345 F.3d 683, 689 (9th Cir. 2003)). *See Urena-Tavarez v. Ashcroft*, 367 F.3d 154, 159 (3d Cir. 2004) (holding the statute at issue "explicitly assign[ed]" discretion to the Attorney General, focusing on the use of "discretion" and "sole discretion," together with instructions that certain actions "may" as opposed to "shall" be taken when any of the enumerated conditions is satisfied).

In a non-precedential decision, the United States Court of Appeals for the Third Circuit previously held that 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of the denial of a national interest waiver. *Mousavi*, 828 Fed.Appx. at 130-33. There, as here, the Plaintiff sought a national interest waiver pursuant to an I-140 petition, and USCIS denied it. *Id.*

at 132. The Third Circuit found that the jurisdictional bar of 8 U.S.C. § 1252(a)(2)(B)(ii) extended to 8 U.S.C. § 1153(b)(2)(B)(i) because the Attorney General's authority was discretionary. *Id.* at 132-33.

Additionally, all other Courts of Appeals that have considered this issue have found in precedential decisions that 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review of the Attorney General's decisions on national interest waivers. *See Zhu v. Gonzales*, 411 F.3d 292, 295 (D.C. Cir. 2005) ("[W]e hold that § 1252(a)(2)(B)(ii) precludes judicial review[.]"); *Poursina v. USCIS*, 936 F.3d 868, 870-72 (9th Cir. 2019) (holding that 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review); *Brasil v. Secretary, Department of Homeland Security*, 28 F.4th 1189, 1193 (11th Cir. 2022) ("[W]e hold that § 1153(b)(2)(B)(i) specifies that a national interest waiver is within the discretion of the Attorney General. Thus, the decision with respect to such national interest waivers is one the "authority for which is specified [by § 1153(b)(2)(B)(i)] to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii). Accordingly, we hold that § 1252(a)(2)(B)(ii) precludes judicial review of that decision."); *Flores v. Garland*, 72 F.4th 85, 88 (5th Cir. 2023) ("[W]e join our fellow circuits in holding that a jurisdictional bar applies to national-interest waiver denials."); *Viana*

11

*Guedes v. Mayorkas*, 123 F.4th 68, 71-72 (1st Cir. 2024) (holding decisions revoking Plaintiff's I-140 and national interest waiver were unreviewable pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii)).

This Court should follow the analysis and reasoning of the Third Circuit and its sister circuits in finding that this Court lacks jurisdiction to review the Attorney General's decision on the Plaintiff's I-140 petition and dismiss the case with prejudice, as an amendment will not cure the defects of Mai's Amended Complaint.

## V.  Conclusion

Due to the aforementioned reason, the Court should grant Defendants' Motion to Dismiss the Plaintiff's Complaint.

> Respectfully submitted,
>
> BRIAN D. MILLER
> United States Attorney
>
> /s/ Gerard T. Donahue
> GERARD T. DONAHUE
> Assistant U.S. Attorney
> 235 N. Washington Ave
> Suite 311
> Scranton, PA 18503
> Tel: (570) 348-0379
> Fax: (570) 348-2830
> Gerard.Donahue@usdoj.gov
> *Attorneys for Defendants*

Date:    October 15, 2025

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Wending Mai, | : | No. 4:25-CV-00890 |
| | : | |
| Plaintiff, | : | |
| v. | : | (SCHWAB, M.J.) |
| | : | |
| United States Citizenship and | : | |
| Immigration Services, *et ano.*, | : | |
| | : | |
| Defendants. | : | Electronically Filed |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  That on October 29, 2025, she served a copy of the attached

BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT

via first class mail:

    Wending Mai
    720 Tanager Drive
    State College, PA  16803-2502

    /s/ Stephanie Kakareka
    STEPHANIE KAKAREKA
    Legal Administrative Specialist