UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Wending Mai, | : | No. 4:25-CV-00890 |
| | : | |
| Plaintiff, | : | |
| v. | : | (SCHWAB, M.J.) |
| | : | |
| United States Citizenship and | : | |
| Immigration Services, *et ano.*, | : | |
| | : | |
| Defendants. | : | Electronically Filed |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FIRST AMENDED COMPLAINT[1]

In opposition to the Defendants' motion to dismiss, Plaintiff claims that this Court has jurisdiction to review the denial of his Form I-140 national interest waiver petition. *See* Doc. 24, Brief in Opposition. Plaintiff claims that courts may retain jurisdiction to assess legal standards and required procedures. *Id.* at 3. The Plaintiff is incorrect. Because such a decision is committed to agency discretion, the Administrative Procedure Act ("APA") does not provide jurisdiction to review the denial.

---

[1] Although entitled "First Amended Complaint for Declaratory and Injunctive Relief under the APA," Plaintiff does not discuss, nor request injunctive relief anywhere else in the First Amended Complaint. *See generally* Doc. 19, First Amended Complaint for Declaratory and Injunctive Relief under the APA.

As noted in the brief in support, the United States Court of Appeals for the Third Circuit[2] has previously found that courts lack jurisdiction to review the denial of a Form I-140 national interest waiver petition pursuant to an Administrative Procedure Act claim. *Mousavi v. United States Citizenship and Immigration Services*, 828 Fed.Appx.130, 134 (3d Cir. 2020) (non-precedential) ("Mousavi asks us to second-guess the Agency's denial of her national interest waiver. Congress has told us we cannot."). While the Plaintiff is correct in noting that the *Mousavi* decision is non-precedential, it does not take away from its overall persuasiveness. Moreover, the Third Circuit's decision in *Mousavi* is in accord with all other circuits that have considered the issue. *See Zhu v. Gonzales*, 411 F.3d 292, 295 (D.C. Cir. 2005) ("[W]e hold that § 1252(a)(2)(B)(ii) precludes judicial review[.]"); *Poursina v. USCIS*, 936

---

[2] Citing to *Soltane v. U.S. Dep't of Justice*, 381 F.3d 143 (3d Cir. 2004), Plaintiff claims that the Third Circuit found that courts may review a discretionary decision for statutory eligibility and legal questions. Doc. 24 at 3. Plaintiff misreads *Soltane*, which finds that the court could review the Attorney General's decision because it was not discretionary. 381 F.3d at 148 ("[W]e hold that a preference visa determination under § 1153(b)(4) is not a 'decision or action of the Attorney General the authority for which is specified under this title to be in the discretion of the Attorney General.' The jurisdictional bar of § 1252(a)(2)(B)(ii) is therefore inapplicable in this case.").

F.3d 868, 870-72 (9th Cir. 2019) (holding that 8 U.S.C. § 1252(a)(2)(B)(ii) bars judicial review); *Brasil v. Secretary, Department of Homeland Security*, 28 F.4th 1189, 1193 (11th Cir. 2022) ("[W]e hold that § 1153(b)(2)(B)(i) specifies that a national interest waiver is within the discretion of the Attorney General. Thus, the decision with respect to such national interest waivers is one the "authority for which is specified [by § 1153(b)(2)(B)(i)] to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii). Accordingly, we hold that § 1252(a)(2)(B)(ii) precludes judicial review of that decision."); *Flores v. Garland*, 72 F.4th 85, 88 (5th Cir. 2023) ("[W]e join our fellow circuits in holding that a jurisdictional bar applies to national-interest waiver denials."); *Viana Guedes v. Mayorkas*, 123 F.4th 68, 71-72 (1st Cir. 2024) (holding decisions revoking Plaintiff's I-140 and national interest waiver were unreviewable pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii)).

This Court should follow the analysis and reasoning of the Third Circuit and its sister circuits in finding that this Court lacks jurisdiction to review the Attorney General's decision on the Plaintiff's I-140 petition and dismiss the case with prejudice, as an amendment will not cure the defects of Mai's Amended Complaint.

### III.  <u>Conclusion</u>

Due to the aforementioned reason, the Court should grant Defendants' Motion to Dismiss the Plaintiff's Complaint.

Respectfully submitted,

BRIAN D. MILLER
United States Attorney

<u>/s/ Gerard T. Donahue</u>
GERARD T. DONAHUE
Assistant U.S. Attorney
235 N. Washington Ave
Suite 311
Scranton, PA 18503
Tel: (570) 348-0379
Fax: (570) 348-2830
Gerard.Donahue@usdoj.gov

Date:      October 15, 2025                *Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Wending Mai, | : | No. 4:25-CV-00890 |
| | : | |
| Plaintiff, | : | |
| v. | : | (SCHWAB, M.J.) |
| | : | |
| United States Citizenship and | : | |
| Immigration Services, *et ano.*, | : | |
| | : | |
| Defendants. | : | Electronically Filed |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  That on October 15, 2025, she served a copy of the attached

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FIRST AMENDED COMPLAINT

via first class mail:

> Wending Mai
> 720 Tanager Drive
> State College, PA  16803-2502

/s/ Stephanie Kakareka
STEPHANIE KAKAREKA
Legal Administrative Specialist