**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WENDING MAI,** | **Civil Action No. 4:25-CV-00890-SES** |
| Plaintiff, | |
| **v.** | |
| **UNITED STATES** | |
| **CITIZENSHIP AND** | |
| **IMMIGRATION SERVICES, et** | |
| **al.,** | |
| **Defendants.** | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE**
**SECOND AMENDED AND SUPPLEMENTAL COMPLAINT**

## I.  INTRODUCTION

Plaintiff Wending Mai, proceeding pro se, respectfully submits this brief in support of his Motion for Leave to File a Second Amended and Supplemental Complaint pursuant to Federal Rules of Civil Procedure 15(a)(2) and 15(d). The proposed pleading is submitted as one complete, current operative complaint. It removes the now-superseded challenge to the August 27, 2025 denial of Plaintiff's Form I-140 EB-2 National Interest Waiver petition and adds claims arising from later events, namely the Administrative Appeals Office's December 22, 2025 decision sustaining Plaintiff's appeal and USCIS's continued failure to complete final post-appeal action consistent with that decision.

## II.  RELEVANT BACKGROUND

Plaintiff filed his Form I-140 EB-2 National Interest Waiver self-petition in December 2019. After a lengthy period without adjudication, Plaintiff filed this action on May 20, 2025 to compel agency action. USCIS later issued a Request for Evidence on June 20, 2025, Plaintiff responded on July 22, 2025, and USCIS denied the petition on August 27, 2025.

Plaintiff then filed his First Amended Complaint challenging the denial. Defendants moved to dismiss, and briefing on that motion closed on November 21, 2025.

On December 22, 2025, the AAO sustained Plaintiff's administrative appeal in full. The AAO reversed the service-center denial and returned the matter to USCIS for further post-appeal action consistent with the AAO decision. As of March 31, 2026, however, USCIS has not completed final post-appeal action consistent with the AAO decision. Plaintiff therefore seeks leave to file one complete, updated pleading so the Court may address the live controversy in its present posture.

## III.  LEGAL STANDARD

Rule 15(d) provides that, on motion and reasonable notice, the Court may permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). Supplementation is favored where it promotes complete adjudication of the dispute, avoids multiple lawsuits, and does not unfairly prejudice the opposing party. Rule 15(a)(2) likewise provides that the Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962).

## IV.  ARGUMENT

### A.  Rules 15(a)(2) and 15(d) together support the proposed pleading.

The AAO's December 22, 2025 sustain decision and USCIS's continued failure to complete final post-appeal action both occurred after Plaintiff filed the First Amended Complaint and after motion-to-dismiss briefing closed. Those later events are therefore properly addressed under Rule 15(d). At the same time, because Plaintiff seeks to replace the prior pleading with one complete, current document that omits the now-superseded denial challenge and presents only live claims, leave is also proper under Rule 15(a)(2).

### B.  The proposed Second Amended and Supplemental Complaint presents a new and narrower live controversy.

The proposed pleading does not ask the Court to revisit the NIW merits determination that the AAO already resolved in Plaintiff's favor. Instead, it presents claims concerning whether Defendants have unlawfully withheld or unreasonably delayed the remaining post-appeal agency action necessary to implement that favorable decision. That controversy is materially different from the denial challenge raised in the prior pleading.

### C.  The proposed pleading is not futile.

At minimum, the proposed Second Amended and Supplemental Complaint states a non-frivolous claim under 5 U.S.C. § 706(1) that agency action has been unlawfully withheld or unreasonably delayed. In the alternative, it pleads mandamus to compel performance of a clear duty if the Court concludes that the remaining post-appeal action is nondiscretionary in nature. Because the proposed pleading arises from later events and presents a materially different theory of relief, Defendants' current Motion to Dismiss does not fully address it.

### D.  Leave will not unduly prejudice Defendants.

No ruling has issued on Defendants' pending Motion to Dismiss, and discovery has not begun. Allowing leave now will streamline the case by permitting the parties and the Court to proceed from one current operative pleading rather than through outdated allegations plus a separate filing. Defendants will have a full opportunity to respond to the proposed pleading if leave is granted.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the attached Second Amended and Supplemental Complaint. Plaintiff further requests that the Court terminate, deny without prejudice, or direct further briefing regarding Defendants' pending Motion to Dismiss in light of the proposed pleading.

Respectfully submitted,

/s/ Wending Mai

Wending Mai

Pro Se Plaintiff

720 Tanager Drive

State College, PA 16803

(814) 852-9313

maiwending@gmail.com

Dated: April 6, 2026